UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

CIVIL ACTION NO.

| | |
|---|---|
| In the Matter of:<br><br>JOHN REICHARDT, Owner of the recreational vessel the MEDORA, a 38-foot Sea Ray, Hull Identification # SERF7748J900, USCG Official # 1097542, her engines, tackle, apparel, appurtenances, fittings, etc.<br><br>For Exoneration from and/or Limitation of Liability | **VERIFIED COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY**<br><br>**IN ADMIRALTY** |

NOW COMES John Reichardt ("Limitation Plaintiff") the Owner of the recreational vessel the MEDORA, a 38-foot Sea Ray, Hull Identification # SERF7748J900, USCG Official #1097542, and her engines, tackle, apparel, appurtenances, fittings, etc. ("Vessel") and seeks exoneration from and/or limitation of liability, civil and maritime, pursuant to 46 U.S.C. § 30501, *et. seq.*, Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims, and as otherwise may be allowed by law and alleges the following:

1.  This is a case of admiralty and maritime jurisdiction over which the Court has subject matter jurisdiction pursuant to 46 U.S.C. § 30501, *et. seq.* and Title 28, Section 1333(1) of the United States Code. This Court's admiralty and maritime jurisdiction is invoked pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Venue is proper in this Court pursuant to Supplemental Admiralty Rule F(9) in that

the Limitation Plaintiff's Vessel has not been attached or arrested, suit has not been commenced against the owner, and the Vessel is located within this District, particularly in Weymouth, Norfolk County, Massachusetts.

2.     Limitation Plaintiff is a citizen and resident of Weymouth, Norfolk County, Massachusetts.

3.     This Complaint has been filed in compliance with Supplemental Admiralty Rule F, which requires the vessel owner to file a complaint within six months of receiving a notice of potential claim.

4.     Upon information and belief, on August 16, 2024, in or about the early afternoon hours, the Vessel was en route to Gloucester Massachusetts, off the coast of Grape Island in the Hingham Bay area of Boston, MA harbor which is a territory of Weymouth, MA, on a pleasure cruise voyage, with no freight pending, upon the waters of Hingham Bay, Massachusetts, a navigable body of water, in unremarkable weather conditions ("Voyage").

5.     The Limitation Plaintiff was aboard and operating the Vessel on the Voyage.

6.     The Limitation Plaintiff is an experienced vessel operator and had operated the Vessel in the subject waters for many years.

7.     At or about 12:30 p.m., on August 16, 2024, during hours of daylight and while the Vessel was being operated by the Limitation Plaintiff at or near Hingham Bay, Plymouth County, Massachusetts, when a recreational sailing vessel the S/V UNNAMED ("Chused's Vessel"), owned and operated by Wesley Chused ("Chused"),

2

crossed in front of the Vessel, striking the Vessel's bow resulting in significant damage to the Vessel (the "Incident").

8. Chused's Vessel had two individuals onboard at the time of the Incident.

9. After the Incident, the Vessel was towed back to its berth at Metropolitan Yacht Club in Braintree, MA.

10. The Limitation Plaintiff used diligence to ensure that at the commencement of the Voyage, and at all times during the Voyage, the Vessel was fit for the intended voyage.

11. Chused has sent notice to Limitation plaintiff alleging he was injured

12. Patrica Cicalese ("Cicalese") who was the second passenger on Chused's Vessel has passed away due to her injuries

13. There may be other claims to be brought forward by others

14. Upon information and belief, no alleged or potential claim of anyone, nor any alleged injury associated with the Voyage, or otherwise was caused or contributed to by any fault or negligence on the part of the Limitation Plaintiff, the Vessel, or anyone for whom the Limitation Plaintiff may be responsible. If there is any fault or negligence on the part of the Limitation Plaintiff, the Vessel, or anyone for whom the Limitation Plaintiff may be responsible, which is expressly denied, then said negligence may be imputed to Chused or someone(s) other than Limitation Plaintiff and/or may comparatively reduce the proportion of negligence or corresponding liability of Limitation Plaintiff.

15. Upon information and belief, the Incident and any injuries, and/or damages occurring therefrom, were occasioned and incurred as a result of some excusable cause, including but not limited to marine peril, and/or the fault of Chused and/or another/others other than Limitation Plaintiff.

16. The Limitation Plaintiff invokes the benefits of the Limitation of Shipowners' Liability Act, 46 U.S.C. § 30501, et. seq., and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims. Limitation Plaintiff also hereby claims the benefits of all statutes and acts of the Congress of the United States, whether named herein or not, granting or providing for exoneration from or limitation of liability to vessel owners. In this regard, the Limitation Plaintiff will show that neither he nor the Vessel are liable to any extent, and that he is entitled to exoneration from liability for all losses, damages, or injury occasioned by reason of the matters aforesaid. Alternatively, and without admitting liability, the Limitation Plaintiff will show that, in the event he is found liable to any parties arising out of the Voyage or Incident, the Limitation Plaintiff is entitled to limit his liability to the value of the Vessel immediately after the Voyage.

17. The value of the Limitation Plaintiffs' interest in the Vessel at the close of the Voyage did not exceed Sixty Six Thousand Seven Hundred and Fifty ($66,750.00) as further evidenced by the *Affidavit of Christopher MacDougall* and accompanying report, which is attached as **Exhibit 1**.

18. This Complaint is filed not later than six (6) months after receipt of a claim in writing from Chused.

19.  Subject to an appraisal of the Limitation Plaintiff's interest on a reference, the Limitation Plaintiff, contemporaneously with the filing of this Complaint, is submitting an *ad interim* stipulation of value not less than or equal to the amount or value of Limitation Plaintiff's interest in the Vessel, that being Sixty Six Thousand Seven Hundred and Fifty ($66,750.00) the value of the Vessel as determined by Christopher MacDougall per the affidavit and report attached as **Exhibit 1**, pending freight [none], plus interest at the rate of 6% per annum from the date of the security). A stipulation re: security is filed here with as exhibit 2.

20.  Limitation Plaintiff invokes admiralty and maritime law and jurisdiction and further seeks exoneration from or limitation of liability for any and all claims arising out of the Voyage.

**WHEREFORE**, the Limitation Plaintiff prays that this Honorable Court will:

a.  Enter an Order accepting the Limitation Plaintiff's Stipulation Regarding Security for Value of Plaintiff's Interest in the Vessel filed with the Court ("Stipulation of Value"), as approved security for such estimated value of Limitation Plaintiff's interest in the Vessel and thereupon release the Vessel from any and all liability in the premises, said Stipulation of Value to be continued in force and effect until the value of Limitation Plaintiff's interest in the Vessel might be more fully determined, if requested, in which event Limitation Plaintiff shall, thereupon, either pay the additional amount into the Court or issue such

       additional bond, approved security, or stipulation sufficient to fully cover such appraisal;

b. Issue a notice to any and all persons, firms or corporations claiming damages or losses for or in connection with the Voyage against Limitation Plaintiff and/or the Vessel, citing and admonishing them to answer the allegations of this Complaint in accordance with the law and practice of this Honorable Court, or otherwise, as and when ordered by the Court;

c. Except in these proceedings for exoneration from or limitation of liability, issue an injunction enjoining and restraining any and all person or persons, firms, or corporations claiming damages or losses resulting from the Voyage and/or Incident from prosecuting or attempting to prosecute other proceedings upon their claims against the Limitation Plaintiff, and also, except in this proceeding, enjoining and restraining any and all person or persons, firms or corporations from commencing or prosecuting any claim or claims, suit or suits, action or actions, or other proceedings of any nature or description against Limitation Plaintiff and/or the Vessel whatsoever for or in connection with or on account of, incidental to, or resulting and/or arising from the Voyage;

d. Order that said notice as required by Supplemental Rule F(4) shall be published in <u>Boston Globe</u> (Boston, MA), a general circulation printed

and published in Suffolk County, Massachusetts; once each week for four (4) successive weeks before the return date of the notice;

e. Adjudge and decree in this proceeding that the Limitation Plaintiff and the Vessel are not liable in any manner or to any extent for any claim or damage whatsoever from or on account of, or in connection with, or incidental to the matters, the Voyage and/or Incident; or if the Court shall adjudge that the Limitation Plaintiff and the Vessel are liable for all or any part of said claims or demands, then Order that the liability of the Limitation Plaintiff be limited to the value of his interest in the Vessel as of the conclusion of the Voyage, and that the monies paid or secured to be paid as aforesaid be divided *pro rata* among the claims filed as provided by law, and that the Limitation Plaintiff and the Vessel be discharged from all further liability; and

f. If Limitation Plaintiff shall be found liable, a declaration that Limitation Plaintiff shall be indemnified by the party or parties, currently known or unknown, who are either wholly or primarily responsible for any alleged injuries or damages arising out of the Voyage and/or Incident;

g. Declare that all persons, firms, or corporations who fail to file a claim in this proceeding are in default and are forever barred from making any claim for such loss, damage, injury or expense in this proceeding, or in

any other proceeding related to the Voyage or the alleged acts or omissions of Limitation Plaintiff; and

h.  Enter such other Orders as will give to the Limitation Plaintiff and the Vessel such other and further relief the Court finds just and proper.

> FARRELL SMITH O'CONNELL
> AARSHEIM APRANS LLP
> Attorneys for Limitation Plaintiff
>
> /s/David S. Smith
> David S. Smith
> BBO No.:634864
> **FARRELL SMITH O'CONNELL**
> **AARSHEIM APRANS LLP**
> 27 Congress Street
> Suite 508
> Salem, MA 01970
> (978) 744-8918
> Fax: (978) 666-0383
> Email: dsmith@fsofirm.com

Dated: January 7, 2025

## VERIFICATION

On this 30th day of December, 2024, pursuant to 28 USC §1746, I, John Reichardt, declare under the penalty of perjury that the foregoing is true and correct.

John Reichardt