UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In the Matter of JOHN REICHARDT, Owner of the recreational vessel the MEDORA, a 38-foot Sea Ray, Hull Identification #SERF7748J900, USCG Official #1097542, her engines, tackle, apparel, appurtenances, fittings, etc.<br><br>For Exoneration from and/or Limitation of Liability | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* | Civil Action No. 25-cv-10049-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court is Defendant-in-Counterclaim Wesley Chused's motion to dismiss, [ECF No. 23]. For the following reasons, the motion is **DENIED**.

I. BACKGROUND

A. Facts

John Reichardt and Wesley Chused were each operating small vessels in Hingham Bay on August 16, 2024, when the two vessels collided, resulting in serious injury to Chused and the death of Chused's wife, Patricia Cicalese, who was onboard Chused's sailboat. [ECF No. 1 ("Compl.") ¶¶ 7, 12]; [ECF No. 8 ¶¶ 11–13].

B. Procedural History

On January 8, 2025, Reichardt filed the instant action for limitation or exoneration of liability pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501–30530, and Rule F of the Federal Rules of Civil Procedure. [Compl.]. On February 27, 2025, Chused and Cicalese's

estate (personally represented by Chused) each filed an answer and a claim against Reichardt. [ECF No. 7 (Chused's answer)]; [ECF No. 8 (Chused's claim)]; [ECF No. 9 (Cicalese's estate's answer)]; [ECF No. 10 (Cicalese's estate's claim)].

On March 7, 2025, Reichardt filed an answer to Cicalese's estate's claim and the pleading at issue here, which answers Chused's claim and asserts a counterclaim against him. [ECF No. 13]; [ECF No. 14].[1] Reichardt's counterclaim seeks contribution or indemnity from Chused for Cicalese's damages.[2] [ECF No. 14 at 5–6]. On May 21, 2025, Chused filed the instant motion to dismiss, [ECF No. 23], contending (1) that counterclaims are impermissible in limitation actions, [ECF No. 24 ("Chused Mem.") at 4–7], and (2) that Reichardt must implead "Chused, the [b]oat [o]wner" via Rule 14(c) of the Federal Rules of Civil Procedure instead of bringing a counterclaim against "Chused, the personal injury [c]laimant." [Chused Mem. at 9–10].

II.     **LEGAL STANDARD**

A counterclaim must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a plaintiff must set forth (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). The facts alleged, when taken together, must be sufficient to "state a claim

---

[1] The Court notes that the pleading's title refers to a "cross claim," [ECF No. 14 at 1], but elsewhere in the document, the claim is described as a counterclaim, e.g., [id. at 3], and Chused agrees to refer to and treat the claim as a counterclaim in his motion to dismiss, [ECF No. 24 at 2 n.1].

[2] Reichardt also seeks costs, expenses, and attorney's fees incurred in defense of this action, [ECF No. 14 at 5], but he has not identified a legal basis that would entitle him to those fees, so the Court will defer consideration of the question of whether attorney's fees are recoverable in this context.

to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but a pleading must set forth "more than labels and conclusions." Twombly, 550 U.S. at 555). Legal conclusions couched as facts or "[t]hreadbare recitals of the elements of a cause of action" will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## III.  DISCUSSION

### A.  Availability of Counterclaims in Limitation Actions

Chused argues that counterclaims are unavailable in a limitation action because limitation is "strictly a defensive action for the shipowner's benefit, used to consolidate [c]laims into one forum," which "d[oes] not allow for an affirmative recovery." [Chused Mem. at 3 (emphasis omitted)]; accord [id. at 6–8]. As Chused acknowledges, however, a "[c]laimant found negligent for [a] loss can be forced to contribute in its capacity as the alleged tortfeasor." [Id. at 6]; see, e.g., In re Settoon Towing LLC, No. 07-cv-01263, 2008 WL 1788542, at *2 (E.D. La. Apr. 18, 2008) (collecting cases in which courts permitted "counterclaim[s] seeking indemnity and contribution" to proceed in limitation actions). That is all that Reichardt seeks here: either indemnity or contribution from Chused for any damages that Cicalese's estate ultimately recovers against Reichardt. [ECF No. 14 ¶¶ 14, 18].

Chused directs the Court to several historical cases. Two of these support the conclusion that counterclaims for indemnity and contribution are permissible in a limitation action. In Algoma Central & Hudson Bay Railway Co. v. Great Lakes Transit Corp. ("Algoma Central"), 86 F.2d 708 (2d Cir. 1936), the court reasoned that if a claimant is partly responsible for the accident, the limitation plaintiff can seek to deduct its own loss, and "any payments for which it

3

will be liable to others," from damages owed to that claimant.  Id. at 710.  Similarly, the court in In re Texas Co., 81 F. Supp. 758 (S.D.N.Y. 1948), concluded that in a limitation proceeding, a court can "adjudicate as between [the limitation petitioner] and [a claimant] the question of who was at fault," because "[t]o permit [the claimant] to collect on his claim . . . in the limitation proceeding, if both vessels were at fault, would not be equitable."  Id. at 762.  The third case on which Chused relies, New Jersey Barging Corp. v. T.A.D. Jones & Co., 135 F. Supp. 97 (S.D.N.Y. 1955), is inapposite, because it concerns an attempt to implead a third-party defendant that had not appeared in the action, as opposed to the assertion of a counterclaim against a claimant that had already appeared in the action.  See id. at 98–99.

The availability of counterclaims in limitation actions is further supported by a Supreme Court decision that followed the cases relied on by Chused.  In British Transport Commission v. United States, 354 U.S. 129 (1957), two vessels collided in the North Sea.  Id. at 130–31.  One, the Haiti, "suffered only minor damage," while the other, the Duke, claimed a loss of $1.5 million, in addition to death and injury suffered by passengers.  Id. at 131.  The Haiti's owner opened a limitation proceeding, and both the Duke and a variety of third parties filed claims against the Haiti.  Id.  Additionally, various claimants "filed impleading petitions against the Duke alleging the collision was" its fault.  Id. at 132.  The district court "dismissed all of these cross-claims," holding that to "permit one claimant to prosecute another claimant in the limitation litigation would be unfair."  Id.  The Supreme Court disagreed.  Surveying the historical "practice of American admiralty courts" permitting crossclaims "between co-parties in a limitation concursus," id. at 139, the court reasoned that "[l]ogic and efficient judicial administration" required a court to "have power to adjudicate all of the demands made and arising out of the same disaster," id. at 138.

4

Chused argues that British Transport is distinguishable because in that case, the initial limitation petition indicated that the Haiti would be seeking indemnification or contribution from the Duke, meaning that when the Duke entered the action to assert its claim, it was already "on notice that it w[ould] be required to wear multiple hats during the litigation." [Chused Mem. at 7]. The Court is not persuaded that notice was as essential to British Transport's holding as Chused makes it out to be, but even if it were, there is no notice problem here. Chused, the pilot of the boat that collided with Reichardt's, can hardly be surprised that Reichardt would seek to establish that the other craft at least shared responsibility for the accident, and there is no evidence of surprise sufficient to prevent Chused from mounting a full defense to Reichardt's counterclaim.

Accordingly, in light of precedent and history, the Court concludes that Reichardt may seek indemnification and contribution by asserting a counterclaim against Chused.

**B.    Procedural Mechanism for Asserting Counterclaims**

Chused next contends that if Reichardt seeks to bring a claim against him, he must implead "Chused, as a boat owner," via Rule 14 of the Federal Rules of Civil Procedure, instead of asserting a counterclaim against "Chused . . . the personal injury [c]laimant" via Rule 13 of the Federal Rules of Civil Procedure. [Chused Mem. at 8]. Chused argues that "[i]f Reichardt succeeds in bringing this counterclaim, Chused's incentive to litigate for a full recovery is lessened based on the conflict between his capacity as an injured party and as a potential tortfeasor." [Id. at 10]. The Court disagrees that this purported conflict renders Reichardt's counterclaim improper.

First, the Court notes that a key purpose of a limitation proceeding is to consolidate and adjudicate all claims arising out of a maritime accident. See British Transport, 354 U.S. at 136

5

(holding that a limitation proceeding provides a "concourse" for determining all "rights between petitioner and claimants"); Algoma Central, 86 F.2d at 710 ("[T]he suit is purely defensive; it is merely to establish a concourse to which all must resort who would recover from [the limitation plaintiff]. . . . [A claimant] can scarcely complain that, having pressed its own claim, it must abide the consequences . . . ."). That purpose urges a functionalist, rather than a formalist, approach to procedure:

> [T]he Rules were not promulgated as technicalities restricting the parties as well as the admiralty court in the adjudication of relevant issues before it. There should therefore be no requirement that the facts of a case be tailored to fit the exact language of a rule. . . . The claimants are all present in the litigation. . . . The question is not what 'tag' we put on the proceeding, or whether it is a 'suit' under Rule 56 or a libel in personam, or whether the pleading is of an offensive or defensive nature, but rather whether the Court has jurisdiction of the subject matter and of the parties.

British Transport, 354 U.S. at 136–37.

Second, Rule 13 of the Federal Rules of Civil Procedure governs claims against "opposing part[ies]." Fed. R. Civ. P. 13(a)(1); see Fed. R. Civ. P. A(2) ("The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."). Chused's argument for why he is not an opposing party within the meaning of Rule 13 is that two "separate entit[ies]" exist: Chused, boat owner, and Chused, personal injury claimant. [Chused Mem. at 8]. The Federal Rules of Civil Procedure simply do not empower a person to bifurcate himself into two parties, one who may be entitled to recovery and the other who may be liable.[3] To the contrary, the rules of claim

---

[3] The only case Chused identifies as endorsing the rule he seeks under circumstances similar to this, In re Lady Jane, Inc., 818 F. Supp. 1470 (M.D. Fla. 1992), is plainly distinguishable, because it held that limitation claims against a sole shareholder of a corporation are not the same as claims against the corporation itself. See id. at 1472, 1474.

6

joinder favor the efficient adjudication of liability between parties in a single action. The parties to this action are Reichardt, Chused, and Cicalese's estate, and Reichardt's claims against Chused were properly framed as counterclaims.

Chused contends that his "incentive to litigate for a full recovery is lessened based on the conflict between his capacity as an injured party and as a potential tortfeasor." [Chused Mem. at 10]. This is the same conflict faced by anybody who seeks recovery from an accident for which he may have been partially responsible, and a conflict that the Federal Rules of Civil Procedure intentionally embraces by requiring parties to litigate all claims between them arising out of the same transaction or occurrence in a single action. See Fed. R. Civ. P. 13(a). Further, to the extent that Chused's role as a potential tortfeasor creates a conflict with his representation of his wife's estate, that conflict is between those parties—Chused and Cicalese's estate—and will not bar the Court from adjudicating the issue of the Chused and Reichardt's respective liabilities in this limitation proceeding.

## IV.  CONCLUSION

Reichardt's counterclaim seeking contribution or indemnification from Chused for Cicalese's injuries is proper in this limitation proceeding and under the Federal Rules of Civil Procedure. Chused's motion to dismiss, [ECF No. 23], is **DENIED**.

   **SO ORDERED.**

February 19, 2026                                  */s/ Allison D. Burroughs*
                                                   ALLISON D. BURROUGHS
                                                   U.S. DISTRICT JUDGE